**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS GLUNZ BEER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-1124 |
| | ) | |
| v. | ) | Judge Steven C. Seeger |
| | ) | |
| CANVAS 340, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.      Nature of the Case**

A.      Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

For Louis Glunz Beer, Inc. ("Glunz"):

Ashley W. Brandt (lead counsel)
Daniel C. Curth
Gregory P. Abrams
Tucker Ellis
233 S. Wacker Drive
Suite 6950
Chicago, IL 60606-9997
312-256-9438
312-256-9444
312-256-9427
ashley.brandt@tuckerellis.com
Daniel.Curth@tuckerellis.com
gregory.abrams@tuckerellis.com

For Canvas 340 LLC ("Canvas"):

Barry P. Kaltenbach (lead counsel)
Joseph M. Infante
Miller, Canfield, Paddock & Stone, PLC
227 W. Monroe, Suite 3600
Chicago, Illinois 60606
(312) 460-4200
kaltenbach@millercanfield.com
infante@millercanfield.com

Shauna Barnes (admitted pro hac vice)
Barnes Beverage Group
1910 Town Center Blvd. #250
Annapolis, Maryland 21401
sbarnes@drinkslaw.com

B.     State the basis for federal jurisdiction.  If based on diversity, state the
       domicile of all parties.  As a reminder, domicile is different than residence – the
       former is what counts for diversity purposes.  *See Heinen v. Northrop Grumman
       Corp.*, 671 F.3d 669 (7th Cir. 2012).

       If the basis of jurisdiction is diversity, please remember that a corporation is treated
       differently than an LLC/LLP.  Please note two things.  ***First***, if a party is a
       corporation, counsel must identify its place of incorporation and its principal place of
       business.  ***Second***, if a party is a partnership or a limited liability company, counsel
       must identify the name and domicile(s) of each and every partner/member of each
       such entity.  *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d
       691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v.
       Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990).  If any partners or members are
       themselves partnerships or LLCs, the rule applies to their partners or members, too.

Jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331 and

supplement jurisdiction over related state-law claims under 18 U.S.C. § 1836, *et seq.*, as well as

diversity jurisdiction under 28 U.S.C. § 1332(a)(1)—Glunz is an Illinois corporation with its

principal place of business in Illinois, and Canvas is a citizen of the United States Virgin Islands

with its principal place of business the United States Virgin Islands.

.

2

C.      Provide a short overview of the case in plain English (five sentences or less).

Glunz, a beverage distributor, and Canvas, a beverage producer, entered into a distribution agreement for Glunz to exclusively distribute Canvas's WYNK-branded beverage. Glunz alleges that through this partnership, Canvas obtained Glunz's confidential and trade secret information. Approximately two years after the parties executed the distribution agreement, Canvas gave notice to terminate the agreement without cause, which required payment to Glunz under the contract. Glunz contends that Canvas did not comply with this obligation and violated the agreement, and that it has misappropriated Glunz's trade secret information. Canvas denies these allegations and has asserted a counterclaim and affirmative defenses (discussed below).

D.      Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Glunz has filed claims for breach of contract, misappropriation of trade secrets under the federal Defend Trade Secrets Act, misappropriation of trade secrets under the Illinois Trade Secrets Act, and unjust enrichment/quantum meruit. Canvas has filed a Counterclaim for Declaratory Judgment seeking a declaratory judgment that Canvas's termination of the parties' distribution agreement was effective as of October 28, 2025 and has asserted multiple affirmative defenses.

E.      What are the principal factual issues?

The principal factual issues are the parties' performance under their distribution agreement, Glunz's information used or shared in the course of its relationship with Canvas and alleged misappropriation of this information, Canvas's efforts to terminate the agreement,

3

Canvas's payment for termination, and Glunz's alleged damages and other relief to which it claims it is entitled based on Canvas's alleged conduct.

F.      What are the principal legal issues?

The principal legal issues are whether Canvas breached the distribution agreement by not making fair market value payment for termination and allegedly violating the agreement's confidentiality provision and other obligations under the agreement; whether Glunz's information constitutes trade secrets and whether Canvas misappropriated this information under state and federal statutory law; the damages Glunz contends it has suffered as a result of Canvas's alleged conduct and other relief to which Glunz claims it is entitled; whether Canvas is entitled to the declaratory judgment it has requested; whether Canvas's affirmative defenses are proper or apply.

Canvas has filed a Motion to Dismiss Glunz's trade secret and unjust enrichment/quantum meruit claims and answered Glunz's breach of contract claim. (Dckt. Nos. 16, 17). Glunz's opposition to the Motion to Dismiss is due by April 29, 2026. (Dckt. No. 20). Glunz will also move to dismiss and/or strike Canvas's Counterclaim and Affirmative Defenses at that time.

G.      What relief is the plaintiff(s) seeking?  Quantify the damages, if any.
        (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for
        the case.  This estimate will not be admissible.).

The relief Glunz seeks includes, but is not limited to, compensatory damages under the contract, including (i) the contractual valuation of Glunz's distribution rights (not less than the agreed floor and as determined under the agreement's procedures), (ii) profits Glunz would have earned on sales in the applicable territory during the pendency of this dispute but for Canvas's

4

pre-payment diversion, (iii) lost program and feature opportunities, (iv) lost profits and the profits earned by others that would have been Glunz's but for Canvas's improper conduct, and (v) other consequential damages, with pre- and post-judgment interest; specific performance compelling Canvas to pay the full fair market value determined and paid per the agreement's procedures before any lawful distributor change; injunctive relief; and damages available under the federal and state trade secret statutes.  A "ballpark estimate" would be $4.0 million.

Canvas denies that Glunz is entitled to any relief and seeks in its Counterclaim that the Court enter a declaratory judgment that Canvas's termination of the parties' agreement was effective as of October 28, 2025, awarding Canvas its costs and reasonable attorneys' fees and such other relief as is appropriate.

H.      Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.

Yes.

## II.     **Discovery**

A.      Propose a discovery schedule.  Include the following deadlines:  (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.  ***Fill in the blanks, below.***

Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov.  The template is available on the Court's webpage.

| Event | Deadline |
|---|---|
| Amendment to the pleadings | 21 days after the Court's decision on Canvas's partial Motion to Dismiss. (Dckt. No. 16). |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | October 16, 2026 or 180 days after the Court's decision on Canvas's partial Motion to Dismiss (Dckt. No. 16), whichever is later. |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery (November 16, 2026, or the date 30 days after a later potential fact discovery deadline per the above). |
| Deposition of Plaintiff's Expert | 30 days after disclosure of Plaintiff's expert report. |
| Disclosure of Defendant's Expert Report(s) | 21 days after deposition of Plaintiff's expert. |
| Deposition of Defendant's Expert | 30 days after disclosure of Defendant's expert report. |
| Dispositive Motions | One month after the close of expert discovery (February 5, 2027, or the date 30 days after expert discovery closes if this date is different) |

B.      How many depositions do the parties expect to take?

Glunz expects to take eight depositions.  Canvas expects to take eight depositions.

C.      Do the parties foresee any special issues during discovery?

The parties do not foresee any special issues beyond the need for a protective order for confidential information disclosed during discovery.

D.      Rule 26(f)(2) requires the parties to propose a discovery plan.  *See* Fed. R. Civ. P. 26(f)(2).  Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views  and proposals" on six different topics.  *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

The parties have conferred and state the following under Rule 26(f)(3):

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

The parties do not believe any changes need to be made and will exchange initial disclosures by May 11, 2026.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

The parties will pursue discovery on all claims and subjects referenced above and will complete discovery by the deadlines set forth above. The parties do not believe discovery needs to be conducted in phases or limited to or focused on particular issues.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

The parties agree to work in good faith regarding the production of electronically stored information, including potentially an ESI protocol.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The parties agree to provide privilege logs for documents withheld on privilege grounds with their document productions or promptly thereafter and will include a "clawback" agreement in its proposed protective order.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

The parties do not believe any limitations are necessary at this time.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)

Besides the protective order referenced above, the parties do not believe any such orders are necessary at this time.

**III.    Trial**

A.    Have any of the parties demanded a jury trial?

Glunz demanded a jury trial.  Canvas did not demand a jury.

B.    Estimate the length of trial.

Five days.

**IV.    Settlement, Referrals, and Consent**

A.    Have any settlement discussions taken place?  If so, what is the status?
Has the plaintiff made a written settlement demand?  And if so, did the defendant respond in writing?  (Do not provide any particulars of any demands or offers that have been made.)

The parties have not yet discussed potential settlement.

B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

Not at this time.

C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?  Do all parties unanimously consent to that procedure?  The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties have so advised their clients and do not unanimously consent to this procedure.

**V.    Other**

A.    Is there anything else that the plaintiff(s) wants the Court to know?  (Please be brief.)

Not at this time.

8

B.      Is there anything else that the defendant(s) wants the Court to know?  (Please be brief.)

        Not at this time.

Dated: April 27, 2026                                  Respectfully submitted,

By: */s/ Gregory P. Abrams*                            By: */s/ Joseph M. Infante (with permission)*
Ashley W. Brandt (lead counsel)                        Barry P. Kaltenbach (lead counsel)
Daniel Curth                                           Joseph M. Infante Miller, Canfield,
Gregory Abrams                                         Paddock & Stone, PLC
Tucker Ellis LLP                                       227 W. Monroe, Suite 3600
233 South Wacker Drive, Suite 6950                     Chicago, Illinois 60606
Chicago, IL 60606                                      (312) 460-4200
Telephone:    312.624.6300                             kaltenbach@millercanfield.com
Email: ashley.brandt@tuckerellis.com                   infante@millercanfield.com
       daniel.curth@tuckerellis.com
       gregory.abrams@tuckerellis.com                  Shauna Barnes (admitted pro hac vice)
                                                       Barnes Beverage Group
*Attorneys for Louis Glunz Beer, Inc.*                 1910 Town Center Blvd. #250
                                                       Annapolis, Maryland 21401
                                                       sbarnes@drinkslaw.com

                                                       *Attorneys for Canvas 340 LLC*