**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOUIS GLUNZ BEER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-1124 |
| | ) | |
| v. | ) | Judge Steven C. Seeger |
| | ) | |
| CANVAS 340, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF LOUIS GLUNZ BEER, INC.'S MOTION TO DISMISS OR STRIKE
DEFENDANT CANVAS 340, LLC'S COUNTERCLAIM FOR DECLARATORY
JUDGMENT AND TO STRIKE ITS AFFIRMATIVE DEFENSES**

Plaintiff Louis Glunz Beer, Inc. moves to dismiss or strike Defendant Canvas 340, LLC's Counterclaim—which is solely for a declaratory judgment that the parties' distribution agreement was, and remains today, effectively terminated. "Declaratory judgment" is not a stand-alone cause of action and, even if it were, the alleged effectiveness of Canvas's termination of this agreement is addressed by Glunz's pending breach of contract claim. The Court therefore should dismiss the Counterclaim under Federal Rule of Civil Procedure 12(b)(6) or strike it under Rule 12(f), with prejudice.

The Court also should strike Canvas's 14 Affirmative Defenses under Rule 12(f). Canvas's Affirmative Defenses are so sparse, conclusory, and equivocal that they are virtually meaningless and fall short of even the modest Rule 8(c)(1) standard to "state" an affirmative defense. If Canvas contends that there could be up to 14 independent ways to affirmatively defeat Glunz's claims, Canvas should be required to do more than proffer a laundry list of what defenses "may" apply.

**BACKGROUND**

As pertinent here, Glunz alleges that Canvas breached the parties' distribution agreement ("Agreement") when it purported to terminate the Agreement without cause without paying Glunz the required renumeration. Compl., ¶¶ 40–48 (Dckt. No. 1, #7–8[1]). Glunz contends that that Agreement "requires Canvas to complete specified conditions precedent—including full [full market value] payment as determined and paid per the Agreement's terms—before terminating exclusivity or appointing a successor distributor in the Territory." *Id.* ¶ 42. Among the relief that Glunz seeks is injunctive relief "prohibiting Canvas from terminating Glunz's exclusivity in the Territory or appointing/selling through a successor until the conditions precedent are satisfied." *Id.* at Prayer for Relief ¶ (c).

In response to Glunz's Complaint, Canvas moved to dismiss in part (Dckt. No. 16) and answered Glunz's breach of contract claim (Dckt. No. 17). Canvas also asserted a "Counterclaim for Declaratory Judgment" that its termination of the Agreement was effective as of October 28, 2025 (60 days after providing notice of termination). *See* Countercl., ¶¶ 8, 9 (Dckt. No. 17, #77, 81).

For its Counterclaim, Canvas alleges that "Glunz contends that the fair market value due to Glunz under the distribution agreement (*i.e.*, 15x) was greater than the amount Canvas paid to Glunz (*i.e.*, 3x)." *Id.* ¶ 14. Canvas further acknowledges that "Glunz's position is that Canvas's termination of Glunz was not effective, and remains ineffective, unless and until Canvas pays Glunz the fair market value that Glunz asserts is proper" and that until then, "Glunz remains Canvas's exclusive distributor." *Id.* ¶ 17. Canvas's position, by contrast, is that "Canvas's right to terminate Glunz" is not "conditioned upon Canvas first paying any amount to Glunz" and that "the

---

1    Refers to CM/ECF PageID Number.

Agreement only provides that, after Canvas terminates Glunz, it must compensate Glunz per Section 5 [of the Distribution Agreement]." *Id.* ¶ 24. Thus, Canvas alleges that termination "was effective as of October 28, 2025, and remains effective today." *Id.* ¶ 25.

In short, Canvas's Counterclaim alleges that all Canvas had to do to terminate the Agreement was send the required notice; payment was not a condition precedent. Glunz's Complaint alleges the opposite. *See* Compl. ¶ 42 (Dckt. No. 1, #7). Canvas's "counterclaim" for a declaratory judgment is thus the opposite side of the coin to Glunz's breach of contract claim.[2]

Canvas also has asserted twelve Affirmative Defenses that it believes "may" bear fruit. *See* Answer, Affirm. Def. Nos. 2–13 (Dckt. No. 17, #76–77). Several are from Rule 8(c)(1)'s list of affirmative defenses, such as waiver and estoppel; others are not, such as "impossibility" or that the Agreement "is vague." *E.g.*, *id.*, Affirm. Def. Nos. 7, 10. Canvas also asserts that Glunz has failed to state a claim and that it reserves its right to raise other defenses "as discovery uncovers additional relevant facts." *Id.*, Affirm. Def. Nos. 1, 14.

## **ARGUMENT**

### I. **Legal Standards.**

"The legal standard for a motion to dismiss a counterclaim is the same as for a motion to dismiss a complaint." *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, 730 F.Supp.3d 740, 750 (N.D. Ill. 2024) (citing *Cozzi Iron & Metal Inc. v. U.S. Off. Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001)). Counterclaims for declaratory relief that "serve[] no useful purpose" should be dismissed as a matter of law. *Sarkis' Cafe, Inc. v. Sarkis in the Park, LLC*, 55

---

[2] Indeed, in framing this dispute, Canvas quotes (the above-referenced) Paragraph 42 of Glunz's Complaint and Subsection (c) of its prayer for relief. Countercl., ¶¶ 15–16 (Dckt. No. 17, #79).

F.Supp.3d 1034, 1038 (N.D. Ill. 2014) (dismissing redundant counterclaim for declaratory relief under Rule 12(b)(6)).

Additionally, under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant . . . matter." The District Court has discretion here. *See, e.g.*, *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 353 (7th Cir. 2017) ("'A district court's grant or denial of a motion to strike is reviewed for an abuse of discretion.'" (quoting *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 647 (7th Cir. 2014)). And courts have exercised that discretion to strike counterclaims and affirmative defenses when appropriate. *See, e.g.*, *Bendtrand Glob. Servs. S.A. v. Silvers*, No. 21 C 4684, 2023 WL 6388131, at *1–2 (N.D. Ill. Sep. 29, 2023) (striking "bare bones" affirmative defenses that merely "copied almost the entire list of affirmative defenses set forth in Rule 12(c)(1) [*sic*]"); *Kessler v. Electrolux Home Prods., Inc.*, No. 16 C 199, 2016 WL 3940114, at *3 (N.D. Ill. July 21, 2016) (striking cause of action seeking declaratory relief).

## II.     Canvas's Counterclaim Is Legally Deficient, Redundant And Duplicative.

Canvas's "counterclaim" for declaratory relief should be dismissed or stricken. On its own, it is not a cause of action. And tied to Glunz's breach of contract claim, it is redundant because whether the termination of the Agreement was effective or not is already at issue without this counterclaim.

### A.     There Is No Standalone Cause of Action for a Declaratory Judgment.

"An injunction and a declaratory judgment are forms of relief. They are remedies. They are not claims." *Costa v. Ramaiah*, 689 F.Supp.3d 553, 594 (N.D. Ill. 2023) (Seeger, J.). "The label 'counterclaim' has no magic." *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) (Easterbrook, J.). "What is really an answer or defense to a suit does not become an independent piece of litigation because of its label." *Id.* (citations omitted and collecting cases).

Canvas's "counterclaim" for declaratory judgment is thus a request for relief dressed up as a "cause of action" that cannot stand on its own. *E.g.*, *Linderman v. NewRez LLC*, 808 F.Supp.3d 898, 904 (N.D. Ill. 2025) (dismissing "causes of action" for declaratory and injunctive relief); *Garrard v. Rust-Oleum Corp.*, 575 F.Supp.3d 995, 1004 (N.D. Ill. 2021) ("Rust-Oleum is correct that Garrard's independent claim for a declaratory judgment claim is improper.") *Sieving v. Cont'l Cas. Co.*, 535 F.Supp.3d 762, 774 (N.D. Ill. 2021) ("Count VI is properly dismissed because 'requests for declaratory judgment and injunctions are not independent causes of action.'" (citation omitted) (collecting cases)).

This Court should dismiss Canvas's "counterclaim" because as a cause of action it is legally deficient.

### B. Redundant Requests For Declaratory Relief Are Unnecessary.

Canvas's Counterclaim also is redundant and therefore should be stricken under Rule 12(f).

The Declaratory Judgment Act, which Canvas appears to invoke in its Counterclaim, "vests district courts with the power to issue declaratory judgments." *Philips N. Am., LLC v. Glob. Medical Imaging, LLC*, Case No. 21-cv-3615, 2024 WL 4240920 at *10 (N.D. Ill. Sep. 19, 2024) (Seeger, J.) (citing 28 U.S.C. § 2201 *et seq.*). But "[t]hat power is discretionary" and no party has "an absolute right to obtain a declaratory judgment." *Id.* And "Courts take a dim view of counterclaims that simply take the opposite side of a claim" and "routinely dismiss" them. *Id.* at *11 (collecting cases). So "when one party to a contract seeks a declaration of the contract's meaning, another party's counterclaim seeking to enforce the contract is 'repetitious and unnecessary.'" *Tenneco*, 776 F.2d at 1379 (quoting *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F.Supp. 78 (N.D. Ill. 1973)).

Glunz's breach of contract claim and Canvas's Counterclaim "are a mirror image of each other"—or "six of one, half a dozen of the other." *Philips*, 2024 WL 4240920, at *11. Glunz alleges that the Agreement "requires Canvas to complete specified conditions precedent—including [fair market value] payment as determined and paid per the Agreement's terms—*before* terminating exclusivity or appointing a successor distributor in the Territory." Compl., ¶ 42 (Dkct. No. 1, #7) (emphasis added). Glunz's position is that Canvas's termination therefore was ineffective, and Glunz seeks injunctive relief prohibiting Canvas from terminating Glunz's exclusive relationship. On the other hand, Canvas claims that regardless of payment, termination was effective 60 days after giving notice; its "counterclaim" thus seeks a declaration that "Canvas's termination of Glunz was effective as of October 28, 2025, and remains effective today." Countercl., ¶ 25 (Dckt. No. 17, #81).

Canvas's Counterclaim plainly adds nothing to this litigation: either the termination was effective on October 28, 2025, or it was not. Plus, because Glunz's breach of contract claim and Canvas's Counterclaim "cover the same ground," allowing the Counterclaim to proceed not only is redundant but would be "a recipe for double trouble," such as risking jury confusion, and "throw sand in the gears of smooth-running litigation." *Philips*, 2024 WL 4240920, at *11. This case need not have, and should not have, overlapping claims from different parties. This Court therefore should exercise its discretion to strike Canvas's Counterclaim.

### III. Canvas's Affirmative Defenses Are So Threadbare They Should Be Stricken.

Separately, Canvas's affirmative defenses should be stricken too. *See* Fed. R. Civ. P. 12(f). Glunz recognizes that this Court generally disfavors motions to strike and that it does not take much to plead an affirmative defense. *Aylin & Ramtin, LLC v. Barnhardt*, Case No. 19-cv-3402, 2022 WL 658786, at *1–3 (N.D. Ill. Mar. 4, 2022) (Seeger, J.). But even under Rule 8(c)(1) and

6

the pleading standard for affirmative defenses discussed in *Barnhardt*, what Canvas proffers is hardly sufficient.

To start, Canvas's Affirmative Defenses Nos. 2 through 13 are all couched in "may be barred" or "may be precluded" language. *See* Affirmative Def. Nos. 2–13 (Dckt. No. 17, #76–77). Twelve of its fourteen defenses are thus hypotheticals without any "footing"—Canvas says merely that they "may" apply—and do not provide Glunz with *anything* to go on. *Barnhardt*, 2022 WL 658786, at \*2 (requiring, at least, "fair notice of the nature of the defense" (quotation and citation omitted)). Assuming "fair notice" under Rule 8(c) is all that is required, defenses that are "purely hypothetical" risk "sending plaintiffs on a fishing expedition." *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 630 (E.D. Cal. 2014). Regardless of whether *Twombly* and *Iqbal* apply to affirmative defenses, "a suggestion of possibility" that an affirmative defense "may apply to the case" is not enough. *Francisco v. Verizon S., Inc.*, Civ. Action No. 3:09cv737, 2010 WL 2990159, at \*7 (E.D. Va. July 29, 2010); *see also, e.g.*, *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167 (N.D. Cal. 2010) (rejecting affirmative defenses that lack "at least some valid factual basis" beyond "some conjecture that it may somehow apply").

For example, Canvas's Affirmative Defense No. 7 states that, "Plaintiff's claims may be barred by the doctrine of impossibility." Answer (Dckt. No. 17, #76). Impossibility is not one of the defenses enumerated under Rule 8(c)(1). It is impossible to understand what impossibility means here. Before Canvas must burn an interrogatory[3] pursuing an explanation of this defense, Canvas should provide at least some meat on the bone. Similarly, Canvas's Affirmative Defense No. 12 states that Glunz's claims "may be barred" because of "unclean hands." Answer (Dckt.

---

[3] *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").

7

No. 17, #77). If Canvas believes (or, more precisely, may believe) that Glunz comes to court with unclean hands, it should show what cards it has now.

Further, Affirmative Defense No. 14—a purported reservation of rights to assert other affirmative defenses—"is not an affirmative defense" and is "unnecessary"; and there is a procedure for asserting "more defenses later." *See Barnhardt*, 2022 WL 658786, at \*4.

Lastly, Affirmative Defense No. 1 for failure to state a claim should be stricken because, not only may it not truly be an affirmative defense, but Canvas already moved to dismiss in part— so there should be no "fear of waiver" by excluding this defense. *Id.* at \*3.

## CONCLUSION

Canvas's "counterclaim" for a declaratory judgment, which encompasses the same questions raised by Glunz's breach of contract claim, should be dismissed or stricken with prejudice. And Canvas's hypothetical affirmative defenses should be stricken because they do not provide the minimum "fair notice" required under Rule 8.

Dated: April 29, 2026

Respectfully submitted,

*/s/ Gregory P. Abrams*

Ashley W. Brandt
Daniel C. Curth
Gregory P. Abrams
Tucker Ellis LLP
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Telephone: 312.624.6300
ashley.brandt@tuckerellis.com
daniel.curth@tuckerellis.com
gregory.abrams@tuckerellis.com
*Attorneys for Louis Glunz Beer, Inc.*

8