**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LOUIS GLUNZ BEER, INC.,

        **Plaintiff,**       **Case No. 26 CV 1124**

   **vs.**

CANVAS 340, LLC,

        **Defendant.**

<u>**CANVAS 340, LLC'S RESPONSE TO PLAINTIFF'S MOTIN TO DISMISS OR STRIKE**</u>

  Defendant, Canvas 340, LLC ("Canvas"), for its Response to the Motion to Dismiss or Strike Canvas 340's Counterclaim for Declaratory Judgment and to Strike its Affirmative Defenses [ECF No. 23] ("Motion"), filed by Louis Glunz Beer, Inc. ("Plaintiff"), states as follows:

  **A.**  **Canvas adequately pleads its defenses (except for its Affirmative Defense #14).**

  This Court's opinion in *Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 WL 658786 (N.D. Ill. Mar. 4, 2022) (Seeger, J.) covers this issue adequately. There, this Court addressed what it referred to as a "laundry list" of affirmative defenses. *Id*. at *1. Noting that it had discretion on the issue, this Court explained that motions to strike are "generally disfavored" because they tend to slow down litigation. *Id*.  This Court also explained that pleading standards for complaints are viewed differently than for affirmative defenses, acknowledged that defending attorneys have a "fear of waiver," and stated that "court are not in the business of rejecting generic affirmative defenses, at least not at the pleading stage." *Id*. at **1, 3. Ultimately, this Court denied the motion to strike presented in that case. For the same reasons, this Court should exercise its discretion and deny Plaintiff's motion to strike Canvas's affirmative defenses here.

  There are just a few minor points remaining.

1

First, Plaintiff argues that failure to state a claim is not an affirmative defense, but this Court addressed that issue in its prior opinion, too, noting that while Federal Rule of Civil Procedure 8 does not identify failure to state a claim as an affirmative defense, Rule 12 nonetheless identifies it as a defense and so it may be pleaded and if "Plaintiffs want more information, they can serve an interrogatory." *Id*. at *3-4.

Next, Plaintiff argues that Rule 8 does not identify "impossibility" as an affirmative defense, but Rule 8's list of affirmative defenses does not purport to be exhaustive, facially stating that "[i]n responding to a pleading, a party must affirmative state *any* avoiding or affirmative defense, *including* …." (Emphasis added.) Nothing in Rule 8 suggests that it was intended to capture the entire universe of affirmative defenses. *See also Blackwell v. Am. Airlines, Inc.*, No. 98 C 6856, 2003 WL 732574, at *4 (N.D. Ill. Mar. 3, 2003) ("it is clear that the affirmative defenses specifically enumerated in Rule 8(c) are not an exhaustive list of available affirmative defenses.").

Finally, conceding that this Court's prior opinion in *Aylin* covers these issues, Canvas necessarily concedes that this Court "is not taking reservations for future motions," *id.* at *4, and thereby offers to withdraw its Affirmative Defense #14, wherein Canvas reserved the right to assert other affirmative defenses in the future. To the extent that future developments reveal an affirmative defense that is not currently pleaded, Canvas will seek leave to amend, as appropriate, under this Court's scheduling orders and federal law.

In the event this Court exercises its discretion and grants Plaintiff's motion to strike on this issue, Canvas requests that it be given leave to replead.

## B. Sometimes, a counterclaim for declaratory judgment *does* advance the ball.

As noted in the cases Plaintiff relies upon, including one authored by this Court, it may be that a counterclaim for declaratory judgment "sometimes does not advance the ball." *Philips N.*

2

*Am. LLC v. Glob. Med. Imaging, LLC*, No. 21-CV-3615, 2024 WL 4240920, at *10 (N.D. Ill. Sept. 19, 2024) (Seeger, J.). But sometimes it does.

Plaintiff's Complaint raises several issues, including whether Canvas's termination was effective, whether Plaintiff remains, to this day, Canvas's exclusive distributor, whether Plaintiff owns trade secrets that Canvas purportedly misappropriated, and whether Canvas owes any further sums to Plaintiff after terminating the distribution agreement. Canvas' Counterclaim is limited to just one of these – whether Plaintiff, to this day, remains Canvas' exclusive distributor. Once Plaintiff answers the Counterclaim, Canvas intends to move for summary judgment of this issue, as it presents an issue of law that this Court can resolve by reading the distribution agreement. The risk that a jury will have to decide a matter twice, as this Court identified in *Philips*, is not present. This Court will decide this legal issue and will decide it only once.

If the Counterclaim is stricken, Canvas could certainly move for partial summary judgment of Plaintiff's Complaint on that narrower issue, but then Canvas might wish to move for summary judgment on the remaining aspects of Plaintiff's complaint at later date – and filing multiple motions for summary judgment on the same pleading might be itself disfavored. Thus, filing the Counterclaim on the narrower issue the Counterclaim presents – whether Plaintiff remains, to this day, Canvas's exclusive distributor – was designed to advance the ball. It serves *both* parties' interests to resolve this issue expeditiously.

Accordingly, Canvas respectfully requests that the Court exercise its discretion to deny Plaintiff's motion and direct Plaintiff to answer the Counterclaim. If the Court elects to strike the Counterclaim, Canvas respectfully requests that the Court clarify whether Canvas may move for summary judgment on the narrower issue of whether Plaintiff remains its exclusive distributor,

3

without prejudice to later seeking summary judgment on some or all of the remaining issues raised in the Complaint.

> **C. A declaratory judgment on the rights and obligations of parties to a contract is a proper action.**

Relying primarily upon another opinion from this Court, *Costa v. Ramaiah*, 689 F. Supp. 3d 553 (N.D. Ill. 2023), Plaintiff argues that an action for declaratory judgment is improper because an underlying cause of action must exist for which a declaratory judgment is merely a remedy. This oversimplifies the law governing declaratory judgments.

*Costa* presented an unusual and extreme example. There, the plaintiffs-parents brought a claim against Comer Hospital, among others, based on the removal of their children from their home, alleging constitutional violations, false imprisonment, intentional infliction of emotion distress, and seeking declaratory relief in Count VI of their complaint wherein they requested this Court declare that "[i]t is against the law and the public policy of the State of Illinois for Comer [Hospital] to record and report abuse in Plaintiffs' EMR when Defendant knows the Lake County, IN Juvenile Court has exonerate the adult Plaintiff of any wrongdoing." Case No. 21-cv-05165, ECF No. 26, PageID.138-39; *see also generally* 689 F. Supp. 3d 553 (describing case). In addressing the declaratory relief, this Court noted that "[a]n injunction and a declaratory judgment are forms of relief. They are remedies. They are not claims." 689 F. Supp. 3d at 594.

Logically, in the context of *Costa*, this makes sense; one party cannot simply file suit against another party and ask for a declaration – there must be some existing legal relationship or right underlying the declaratory relief. But this does not mean that a stand-alone cause of action must be alleged for which a declaratory judgment is merely a remedy.

Actions seeking nothing but declaratory relief proceed across the country every day, perhaps most commonly when an insurance company files suit seeking a declaratory judgment

that it owes no duty to defend or indemnify its insured. In those cases, the insurance company is not asserting a cause of action against the policyholder for breach of contract and seeking the remedy of a declaratory judgment; rather, the insurance company is seeking a declaration of its contractual rights or responsibilities. *See, e.g., Gen. Cas. Co. of Wisconsin v. Techloss Consulting & Restoration*, 461 F. Supp. 3d 804, 807 (N.D. Ill. 2020) (Seeger, J.) ("Count I seeks a declaratory judgment that General Casualty owes no defense and no coverage to Techloss because the policy excludes bodily injuries to employees.").

Indeed, in *General Casualty*, the entitled "Complaint for Declaratory Judgment" contained four counts, each seeking nothing more than a declaratory judgment that either an exclusion barred coverage (Count I), or that certain companies were not insureds (Count II-IV). Case No. 18-cv-06062, ECF No. 1, PageID.1-14. No underlying cause of action was pleaded.

Declaring the rights and responsibilities of parties to contracts, including whether they have been properly terminated, is well within declaratory judgment practice. *See, e.g., Adam v. McFarlane*, No. CV 14-9214-GW(ASX), 2015 WL 12655552, at *5 (C.D. Cal. June 1, 2015) ("Defendants' analysis of whether or not the Production Agreement was or could be terminated provides no explanation as to why the Court should decline Plaintiff's request for declaratory judgment; rather, it reinforces that there is a controversy requiring immediate resolution as to whether the Production Agreement was terminated, which impacts the parties' rights and obligations"); *Wheelmaxx Inc. v. Maraaj Singh Mahal*, No. 1:22-CV-01506-KES-SKO, 2024 WL 1343128, at *8 (E.D. Cal. Mar. 29, 2024), *report and recommendation adopted sub nom.* 2025 WL 1569269 (E.D. Cal. June 3, 2025), *corrected sub nom.* 2026 WL 1125789 (E.D. Cal. Apr. 24, 2026) ("A declaratory judgment stating that Defendant Mahal's conduct violated the terms of the Franchise Agreement and constituted good cause for termination of the agreement will settle legal

relations regarding the parties' contract and will afford relief from uncertainty, insecurity and controversy giving rise to the proceeding.").

Judge Bucklo recently explained this interplay, stating "defendants are correct when they argue that requests for declaratory judgment and injunctions are not independent causes of action but remedies *for* causes of action. That is, Linderman can only ask me to declare that she owes no principal or enjoin defendants from collecting interest by citing some legal claim to those effects." *Linderman v. NewRez LLC*, 814 F. Supp. 3d 966, 971 (N.D. Ill. 2026) (citations omitted, emphasis in original). A party must have "some legal claim to those effects" to seek declaratory relief respecting those effects, but that does not mean that a plaintiff must allege some other underlying cause of action.

According to the Supreme Court, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). *See also id*. at 274 ("we hold that there is an actual controversy between petitioner and Orteca, and hence, that petitioner's complaint states a cause of action against the latter.").

Here, the distribution agreement provides that Canvas may terminate it, and so a declaration that Canvas has properly done so, and that Plaintiff is no longer Canvas's exclusive distributor, is proper and states a cause of action. Plaintiff and Canvas are contractual counterparties and a declaration of their rights and responsibilities under their contract does not violate declaratory judgment jurisprudence. Their relationship is not like the plaintiffs-parents and Comer Hospital in *Costa*, nor is it like the plaintiff and manufacturer in *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 1004 (N.D. Ill. 2021), where the plaintiff sought a declaration that the

6

manufacturer's products "are defective" in a "material" way that "requires disclosure to all consumers who purchased them."

The case presented here is a far cry from *Costa* or *Garrard*. Canvas seeks a narrow declaratory judgment that it has effectively terminated the distribution agreement and that Plaintiff is no longer its exclusive distributor. Plaintiff's position would invalidate countless declaratory judgment actions, including those filed by insurance companies and other contractual counterparties daily. Accordingly, Canvas requests that this Court deny Plaintiff's motion on this issue.

## CONCLUSION

Canvas has properly pled its Counterclaim and its affirmative defense to Plaintiff's Complaint. This Court should deny Plaintiff's motion and the parties should move to discovery.

Respectfully submitted,

CANVAS 340, LLC

By:  /s/ Barry P. Kaltenbach
        One of Its Attorneys

Joseph M. Infante (ARDC 6329000)
infante@millercanfield.com
Barry P. Kaltenbach (ARDC 6270034)
kaltenbach@millercanfield.com
Miller, Canfield, Paddock & Stone, PLC
227 W. Monroe, Suite 3600
Chicago, Illinois 60606
(312) 460-4200
(local counsel)

Shauna Barnes
(sbarnes@drinkslaw.com)
Barnes Beverage Group
1910 Town Center Blvd. #250
Annapolis, Maryland 21401
(*admitted pro hac vice*)

7